UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Felipe Cabrera Sarabia, | Case No. 25-cv-0706 (JWB/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden FCI Sandstone, | |
| Respondent. | |

This matter is before the Court on preliminary review of Petitioner Felipe Cabrera Sarabia's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 3632 ("Petition") (ECF No. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Mr. Sarabia's Petition challenges the Bureau of Prisons' ("BOP") determination that he is ineligible to earn time credits under the First Step Act of 2018 ("FSA") (ECF No. 1). For the reasons given below, the Court recommends Mr. Sarabia's Petition be denied.

The FSA includes a provision allowing most federal prisoners to receive up to a year off their sentences if they participate in "evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). But the FSA explicitly excludes some federal prisoners from receiving these time credits. A prisoner convicted of certain offenses involving heroin is excluded from receiving FSA credits "if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense …." 18 U.S.C. § 3632(d)(4)(D)(lxv). Prisoners excluded from receiving time credits under the FSA may continue to earn time off their sentences in other ways

---

[1] Although Mr. Sarabia does not bring his Petition pursuant to 28 U.S.C. § 2254, the Court may still apply the Rules governing Section 2254 cases to his Petition. *See* Rule 1(b).

(for example, credits for good behavior, *see* 18 U.S.C. § 3624(b)(1)), but excluded prisoners may not avail themselves of the additional time credits earned by other prisoners under the FSA.

Mr. Sarabia concedes that the FSA's text flatly excludes him from receiving the FSA time credits he seeks (ECF No. 1-1 at 1). He pleaded guilty in the United States District Court for the Northern District of Illinois to distributing a kilogram or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1), and the sentencing judge found he was a leader in the commission of the offense. *See United States v. Sarabia*, No. 1:09-CR-0383 (8) (N.D. Ill.). Mr. Sarabia contends, however, that the FSA's provision barring organizers or leaders of heroin offenses from receiving time credits amounts to an *ex post facto* law because it was not in effect when he committed the conduct that led to his conviction. (ECF No. 1-1 at 1.) Mr. Sarabia thus asks the Court to direct the BOP to award him the time credits he would have received if the FSA did not exclude leaders or organizers of heroin offenses from receiving them (ECF No. 1-1 at 2).[2]

Under the Ex Post Facto Clause of the United States Constitution, U.S. Const., Art. I, § 9, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts," *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (footnotes omitted).

Mr. Sarabia's claim fails because he was not disadvantaged by the FSA. Although "excluded offenders did not benefit from the passage of the FSA, they were not disadvantaged, as

---

[2] In an addendum to his Petition, Mr. Sarabia also briefly suggests the BOP's failure to award him time credits under the FSA violates his Fifth Amendment due process rights. (ECF No. 1-1 at 2.) But nowhere does Mr. Sarabia elaborate on any due process claim separate from the *ex post facto* claim at the heart of his Petition. (*See* ECF Nos. 1, 1-1.)

2

the passage of the FSA left their expected sentences and potential good-time credits unchanged; as a result, the Ex Post Facto Clause is not implicated." *Pisciotta v. Warden Fort Nix FCI*, No. 24-1986, 2024 WL 5040035, at *2 (3d Cir. Dec. 9, 2024) (per curiam); *accord Vanin-Vergara v. Rardin*, No. 24-CV-3277 (JRT/DLM), 2024 WL 5320530, at *2 (D. Minn. Sept. 13, 2024) (concluding the defendant would not "serve any more time in prison than he would have served in the absence of the First Step Act … The First Step Act simply makes some prisoners eligible for earlier release—a benefit, not a punishment."); *Pineda v. Cruz*, Civ. No. 23-4939 (RMB), 2024 WL 2860289, at *4 (D.N.J. June 6, 2024) (finding the FSA does "not impose punishment; it creates awards for those eligible to earn them."). Had the FSA never been enacted, Mr. Sarabia would be in the same position that he is in today: He would be serving the same amount of time in prison and earning the same number of FSA time credits (none). Other prisoners have benefitted from the passage of the FSA, but nothing about Mr. Sarabia's punishment has changed.

Because Mr. Sarabia cannot establish that the FSA disadvantaged him in any way, his claim that the FSA amounts to an *ex post facto* law as applied to him has no merit. For these reasons, the Court recommends his Petition be denied and this matter be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Felipe Cabrera Sarabia's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 3632 (ECF No. 1) be **DENIED**; and

2. This matter be **DISMISSED**.

Dated: March 10, 2025                *s/ Dulce J. Foster*
                                     DULCE J. FOSTER
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).